## ROBBINS V. BACON.

A defendant in a *scire facias* cannot take advantage of anything which might have been plead to the original action.

SCIRE FACIAS, declaring that upon her complaint exhibited to a justice of the peace, charging one Joseph Sheffield with having begotten her with child of a bastard, etc., praying process against him; that he was taken and had before said justice, and pursuant to an order of said justice the defendant became bound jointly and severally with said Sheffield in a recognizance of £50, that said Sheffield should appear before the then next County Court and answer to said complaint and abide final judgment thereon; that before the County Court she appeared and prosecuted her complaint; that said Joseph Sheffield being three times publicly called, made default of appearing; that thereupon she recovered judgment (by the consideration of said court, against said Sheffield; that he was the father of said child, and that he should stand charged for the maintenance thereof, with the assistance of the mother at two shillings six pence per week, etc. that said Sheffield had absconded and gone out of the state and left no interest, and execution had been duly returned *non est inventus* — praying for a remedy in the premises.

Plea in bar — That said original complaint was essentially defective, it did not state where said child was born — nor that it was begotten in fornication.

Upon motion of the plaintiff, she was allowed by the court upon payment of cost to insert in her complaint both of said allegations. Whereby the complaint upon which said judgment was rendered was materially different from that upon which said bond was given. Demurrer.

Judgment — Plea insufficient. The bail cannot take advantage, upon a *scire facias*, of any errors in the original process, except such as render the judgment a perfect nullity. Amendments are by statute, and a process amended is in consideration of law, the same process; and this is contemplated by the bondsman, whenever he gives bail.